PENACHIO MALARA, LLP
Anne Penachio, Esq.
235 Main Street - Suite 610
White Plains, New York 10601
T: (914) 946-2889
F: (914) 946-2882

UNITED STATES BANKRUPTCY COURT     HEARING DATE and TIME:
SOUTHERN DISTRICT OF NEW YORK     SEPTEMBER 27, 2016 AT 9:30 AM
------------------------------X
In re                              :
                                  CHAPTER 13
      NATALIE FATIGATE,       :
                                  CASE NO.: 16-35182 (CGM)
                  Debtor.     :
------------------------------X

**NOTICE OF HEARING ON THE DEBTOR'S APPLICATION FOR (I) APPROVAL OF THE SALE OF HER RIGHT, TITLE AND INTEREST IN HER INVESTMENT PROPERTY AT 89 6TH STREET, PELHAM, NEW YORK 10803 FREE AND CLEAR OF ALL CLAIMS PURSUANT TO 11 U.S.C. §§363 (b) AND (f); (II) AUTHORIZING PAYMENT OF CLOSING COSTS AND DISTRIBUTION OF PROCEEDS; AND (III) GRANTING SUCH OTHER RELIEF AS IS APPROPRIATE**

       **PLEASE TAKE NOTICE** that a hearing on the application of **NATALIE FATIGATE**, the above-referenced debtor (the "Debtor") for approval of the sale of her investment property at 89 6th Street, Pelham, New York 10803 to Alban Camaj (the "Buyer") free and clear of all claims pursuant to 11 U.S.C.§§363(b) and (f) will be held before the Honorable Cecelia G. Morris, Chief United States Bankruptcy Judge, in her Courtroom at the United States Bankruptcy Court, 355 Main Street, Poughkeepsie, New York 12601 at 9:30 am on September 27, 2016.

       **PLEASE TAKE FURTHER NOTICE**, that the terms of the sale are fully set forth in detail in the application and consist of the following material terms:

       1.      The assets transferred consist of the real property at 89 6th Street, Pelham, New York 10803.

       2.      The contract price is $487,600.00 to be paid as follows: $17,066.00

deposit with balance to be paid at closing. However, there is a "Seller's Concession" which requires the Debtor to remit $27,600.00 to the Buyer, thereby effectively reducing the purchase price to $460,000.00.

4. The sale is "free and clear" of all liens, claims and encumbrances.

5. The sale is subject to Court approval.

6. The sale is predicated on the Buyer obtaining a mortgage commitment in an amount no more than $443,900.00.

**PLEASE TAKE FURTHER NOTICE** that the sale is subject to higher and better offers.

**PLEASE TAKE FURTHER NOTICE** that the Debtor also seeks permission to distribute the sale proceeds as set forth in the application. The Debtor is asserting an exemption in his portion of the proceeds under 11 U.S.C. § 522(f).

**PLEASE TAKE FURTHER NOTICE** that a copy of the Application can be obtained form the Bankruptcy Court website, www.nysb.uscourts.gov or from the undersigned upon request.

**PLEASE TAKE FURTHER NOTICE** objections, if any, to the relief sought in the application, must comply with applicable law and be served upon and received by the undersigned, with a copy to the Bankruptcy Judge and the Chapter 13 Trustee, Jeffrey L. Sapir, 399 Knollwood Road, Suite 102, White Plains, NY 10603.

**PLEASE TAKE FURTHER NOTICE** that, unless objections are interposed, the relief sought in the application may be granted.

Dated: White Plains, New York
August 30, 2016

/s/ Anne Penachio
Anne Penachio, Esq.
Penachio Malara, LLP
235 Main Street - Suite 610
White Plains, New York 10601
T: (914) 946-2889
F: (914) 946-2882

PENACHIO MALARA, LLP
Anne Penachio, Esq.
235 Main Street - Suite 610
White Plains, New York 10601
T: (914) 946-2889
F: (914) 946-2882

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

HEARING DATE and TIME:
SEPTEMBER 27, 2016 AT 9:30 AM

------------------------------X
In re                         :
                                CHAPTER 13
    NATALIE FATIGATE,         :
                                CASE NO.: 16-35182 (CGM)
              Debtor.         :
------------------------------X

**THE DEBTOR'S APPLICATION FOR (I) APPROVAL OF THE SALE OF HER RIGHT, TITLE AND INTEREST IN HER INVESTMENT PROPERTY AT 89 6TH STREET, PELHAM, NEW YORK 10803 FREE AND CLEAR OF ALL CLAIMS PURSUANT TO 11 U.S.C. §§363 (b) AND (f); (II) AUTHORIZING PAYMENT OF CLOSING COSTS AND DISTRIBUTION OF PROCEEDS; AND (III) GRANTING SUCH OTHER RELIEF AS IS APPROPRIATE**

TO:  THE HONORABLE CECELIA G. MORRIS
     CHIEF UNITED STATES BANKRUPTCY JUDGE

The application of **NATALIE FATIGATE**, (the "Debtor"), through her counsel, **PENACHIO MALARA, LLP**, for approval of the sale of her right, title and interest in her investment property at 89 6th Street, Pelham, New York 10803 (the "Premises") free and clear of all claims pursuant to 11 U.S.C. §§ 363 (b) and (f) and payment of customary closing costs respectfully sets forth and alleges as follows:

**I.    DEBTOR'S BANKRUPTCY BACKGROUND**

1.    On or about February 4, 2016, the Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") with the Clerk of this Court and the case was referred to the Bankruptcy Judge herein.

1

2. Jeffrey L. Sapir serves as Chapter 13 trustee (the "Trustee").

## II. FACTUAL BACKGROUND

3. The Debtor owns the Premises, a multi family home, which she purchased for investment purposes.

4. The filing of the Debtor's Chapter 13 petition was precipitated by financial reverses attributable to marital issues, increased expenses and a decrease in income.

5. The Debtor filed for bankruptcy relief to address consumer debt and obligations emanating from the Premises.

### THE PREMISES AND SECURED DEBT

6. The Debtor has been actively marketing the Premises for at least a year. Pursuant to an Order of the Court dated July 26, 2016 (Dkt. No. 47), Coastal Realty 1 Corp. was retained as her real estate broker.

7. The Premises is encumbered by a mortgage held by Wilmington Savings Fund Societys, FSB, serviced by Selene Finance, LP ("Selene"). Upon information and belief, the outstanding balance due is approximately $785,221.39. A copy of Selene's Proof of Claim numbered 3 is annexed hereto as Exhibit A.

8. After careful consideration, the Debtor concluded that it would be in her best interest financially to sell the Premises. As noted above, the Debtor has been marketing the Premises for some time.

9. Through the efforts of the Broker, the Debtor entered into an agreement to sell the Premises to Alban Camaj (the "Buyer"). A copy of the contract of sale (the "Contract") is annexed hereto as Exhibit B. There are six (6) basic terms to the Contract.

10. First, the assets transferred consists of the Premises. Second, the contract price is $487,600.00 to be paid as follows: $17,066.00 deposit currently held in escrow by the undersigned counsel, and balance payable at closing. Third, the sale is contingent on the Buyer obtaining a mortgage commitment in the amount of $443,900.00 or such lesser amount as he may elect. Fourth, the Debtor agrees to a "Seller's Concession" of $27,600.00 (which effectively reduces the purchase price). Fifth, the sale is "free and clear" of all liens, claims and encumbrances. Sixth, the sale is subject to this Court's approval.

### III. RELIEF REQUESTED HEREIN

11. By the Application, the Debtor seeks an order from this Court (i) authorizing the sale of the Premises to the Buyer to the terms set forth in the Contract free and clear of all liens and claims pursuant to 11 U.S.C. §§363(b) and (f) and (ii) authorizing the payment of secured debt as limited by 11 U.S.C. §506, closing costs and a reserve for the Broker and Counsel.

### IV. JURISDICTION AND STATUTORY PREDICATES FOR RELIEF

12. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§157 and 134 and the "Standing Order of Referral of Cases to Bankruptcy Judges" dated July 10, 1984 (Ward, Acting C.J.). The statutory predicates for the relief sought herein are Sections 105 and 363 of the Bankruptcy Code, Rule of the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

### V. THE SALE SHOULD BE APPROVED

13. Pursuant to Section 541(a) of the Bankruptcy Code, upon the filing of the Debtor's Chapter 13 petition, the Premises became property of her estate in bankruptcy.

14. Section 363(b)(1) of the Bankruptcy Code provides that, after notice and a

3

hearing, a debtor may sell property of the estate other than in the ordinary course of business.

15. The standard for determining whether a sale outside the ordinary course of business should be approved is whether the sale is in the best interests of the estate. Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983(; In re Jonosphere Clubs, 100 B.R. 670, 674-75 (Bankr. S.D.N.Y. 1989). Indeed, there must be some articulated business justification for the sale. Lionel at 1070.

16. In determining whether a sale is in the best interests of the estate, the following factors are considered[1]: (i) The amount of time that has elapsed since the filing; (ii) the proceeds to be obtained in relationship to any valuations of the property to be sold; and (iii) whether the assets are decreasing or increasing in value. See Oneida Lake Development, Inc., 114 B.R. 353 (Bankr. N.D.N.Y.1990).

17. In applying the foregoing factors to the instant case, it is clear that the proposed sale is in the best interests of the Debtor's estate and the creditors therein. First, although a brief amount of time has passed since the filing of the Debtor's Chapter 13 petition, one of the goals of the Debtor's Chapter 13 case was to liquidate the Premises in an economical manner without the risk of seizure. The Premises is simply cost prohibitive for the Debtor at this time.

18. Second, the proposed sale will benefit the Debtor and her creditors. The Debtor will be free of the financial burden and responsibilities of owning the Premises.

---

[1] Although the Court in Lionel set forth seven (7) factors to be considered, only the following three (3) factors are relevant where, as here, a debtor proposes to sell all or substantially all of its assets pursuant to 11 U.S.C. 363(b). The other factors cited in Lionel, while not relevant, are: (i) the proportionate value of the asset to be sold to the estate as a whole; (ii) the effect of the proposed disposition to the debtor's plan of reorganization; (iii) which of the alternatives of use, sale or lease of the proposal envisions; (iv) the likelihood that a plan of re- organizational will be confirmed in the near future.

4

19. Finally, given the current depressed state of the real estate market in Westchester County, the Debtor is fortunate to be selling the Premises.

## VI. THE PROCEEDS OF THE SALE

20. Section 363(f) of the Bankruptcy Code permits a debtor to sell property of the bankruptcy estate free and clear of all liens and encumbrances, only if:

    a. Applicable non-bankruptcy law would permit such a sale;

    b. The entity holding the lien consents;

    c. The interest is a lien and the sales price exceeds the aggregate value of all liens;

    d. The interest is in bona fide dispute; or

    e. The entity holding the lien could be compelled in a legal or equitable proceeding to accept money in satisfaction of its interest.

21. In the instant case, the only known lien holder is Selene. The Debtor anticipates that Selene will not be paid the full amount of its claim at the closing.

22. Following the sale, the balance of the purchase price, $460,000.00, will be applied as follows in approximate amounts:

    A. $27,600.00 to the Real Estate Broker pursuant to a written agreement (subject to Court approval).

    B. $4,000.00 to Real Estate closing attorney (approximately- subject to Court approval)

    C. $3,000.00 for other closing costs (ie Transfer Tax (TP-584), title fees)

    D. $425,400.00 (or the balance after the foregoing as limited by 11 U.S.C. §506) to Selen in full satisfaction of its lien on the Premises.

23. In the event that the liens exceed the purchase price, the Debtor requests

5

that the sale be approved free and clear of such liens as they are limited by 11 U.S.C. §506(a). See *In re Boston Generating, LLC,* 640 B.R. 302, 316-319 (Bankr. SDNY 2010).

## VII. NOTICE AND WAIVER OF MEMO OF LAW

24. Notice and a copy of the Application have been served on all parties in interest and their attorneys, if known (including the Office of the United States Trustee, counsel for the Buyers, and all creditors). It is respectfully submitted that such service is appropriate under the circumstances.

25. Because the facts and circumstances set forth herein do not present novel issues of law, it is respectfully requested that this Court waive the requirement of the filing of a memorandum of law.

**WHEREFORE**, it is respectfully requested that this Court grant the relief requested herein and all other relief that it deems necessary.

Dated: White Plains, New York
August 30, 2016

/s/ Anne Penachio
Anne Penachio, Esq.
Penachio Malara, LLP
235 Main Street - Suite 610
White Plains, New York 10601
T: (914) 946-2889
F: (914) 946-2882