UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
In re:                                          :    CHAPTER 13
                                                :
    NATALIE FATIGATE,                      :    Case No.: 16-35182(CGM)
                                                :
                      Debtor.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ORDER (i) APPROVING THE DEBTOR'S SALE OF HER RIGHT, TITLE AND INTEREST IN REAL PROPERTY LOCATED AT 89 6TH STREET, PELHAM, NY 10803 FREE AND CLEAR OF ALL LIENS AND CLAIMS PURSUANT TO 11 U.S.C. § 363(b) and (f), AND (ii) AUTHORIZING PAYMENT OF CLOSING COSTS AND VALID LIENS**

      **UPON** the motion ("the Motion") of Natalie Fatigate, the debtor herein (the "Debtor") for an order (1) pursuant to 11 U.S.C. §363(b) and (f), authorizing the sale of real property located at 89 6th Street, Pelham, NY 10803 (the "Property") pursuant to the sale contract attached as an exhibit to the Motion (the "Contract"), free and clear of all liens, claims, interests, and encumbrances therein and thereon of whatever kind or nature except as expressly assumed by the buyer under the Contract ("Liens and Claims") and (2) authorizing the Debtor's payment from the sale proceeds of reasonable and necessary closing costs related thereto, the valid senior lien thereon held by Wilmington Savings Fund Society, FSB, as and serviced by Selene Finance LP or their successors (together, the "Lender") limited by 11 U.S.C. § 506(a); and there being due and sufficient notice of the Motion; and the Lender having interposed limited objection to the requested relief; and upon the record of the hearing held by the Court on the Motion on September 27, 2016; and, after due deliberation, the Court having found and concluded that the proposed sale is in the best interests of the Debtor and her estate and is supported by good business reasons; one or more of the grounds for the sale being free and clear of Liens and Claims under 11 U.S.C. § 363(f) has been satisfied, the buyer under the Contract is a purchaser in good faith entitled to the protection of 11 U.S.C. §363(m) and (n); and good and sufficient cause appearing, it is hereby

**ORDERED**, that the Motion is granted to the extent set forth herein; and it is further

**ORDERED**, that the Debtor is authorized to sell the Property free and clear of all Liens and Claims pursuant to the terms of the Contract, with all Liens and Claims to attach to the sale proceeds in the same amount and priority, with the same validity and enforceability, and subject to the same defenses as existed immediately before the closing of the sale; and it is further

**ORDERED**, that the Debtor is authorized to pay, at the closing of the sale, reasonable, ordinary and customary closing costs from the sale proceeds, including transfer taxes and reasonable title charges; and it is further

**ORDERED** that the Debtor shall pay from the sale proceeds, at the closing of the sale, all agreed amounts secured by the valid senior and enforceable mortgage liens on the Property, including the mortgage held by the Lender, in the order of priority of such liens, with any disputed amounts to be held in escrow pending further order of the Court or the parties' settlement thereof, and the recipients of such payment(s) shall provide any necessary satisfaction of mortgage; and it is further

**ORDERED,** that, ten days after the closing of the proposed sale, counsel for the Debtor shall file a closing statement with the Court and serve a copy on the chapter 13 trustee; and it is further

**ORDERED**, that the 14 day stay of this order under Fed. R. Bankr. P. 6004(h) is waived for cause.



**Dated: October 12, 2016**
    **Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**